# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTONINO GIANNOLA,

        Defendant-Appellant.

UNPUBLISHED
May 26, 2015

No.   320223
Macomb Circuit Court
LC No.   2013-001878-FH

Before:  MURPHY, P.J., and STEPHENS and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right from his jury trial convictions of fourth-degree criminal sexual conduct, MCL 750.520e(1)(a) (victim between 13 and 16 years old), and assault and battery, MCL 750.81.  Defendant was sentenced to five years' probation for the fourth-degree criminal sexual conduct conviction and to jail time served for the assault and battery conviction.  We affirm.

The complainant was a 15-year-old girl who worked as an employee at defendant's ice cream store.  Defendant first argues that the trial court erred in admitting the testimony of the complainant's friend, Savannah Jankow, regarding a telephone conversation she had with the complainant between 10:00 and 10:30 p.m. on March 8, 2013.  Defendant contends that the testimony was hearsay and that trial court erred in admitting it under the "excited utterance" exception set forth in MRE 803(2).  A trial court's decision to admit evidence is reviewed for an abuse of discretion.  *People v Duncan*, 494 Mich 713, 722; 835 NW2d 399 (2013).  "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes."  *Id.* at 722-723.

An "excited utterance" is not excluded by the hearsay rule, even if the declarant is available to testify.  MRE 803(2).  An "excited utterance" is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."  MRE 803(2).  The rule allows hearsay testimony that would otherwise be excluded under the rationale that a person who is still under the "sway of excitement precipitated by an external startling event will not have the reflective capacity essential for fabrication so that any utterance will be spontaneous and trustworthy."  *People v Smith*, 456 Mich 543, 550; 581 NW2d 654 (1998), citing 5 Weinstein, Evidence (2d ed), § 803.04[1], p 803-19.  A statement will be admissible under the excited utterance exception if (1) there was a startling event, and (2)

the resulting statement was made while under the excitement caused by the event. *Id.* "[I]t is the lack of capacity to fabricate, not the lack of time to fabricate, that is the focus of the excited utterance rule. The question is not strictly one of time, but of the possibility for conscious reflection." *Id.* at 551.

Here, the record indicates that the complainant was still under the stress of the assault when she called her friend between 10:00 and 10:30 p.m. The complainant's testimony indicated that she remained in the store with defendant after the assault and was in fear of him until he dropped her off at her house around 9:30 p.m. Furthermore, the evidence indicated that the complainant's friend was the first person to whom the complainant disclosed the assault, and that the complainant was "crying hysterically" during the telephone call. We find these facts distinguishable from *People v Gee*, 406 Mich 279; 278 NW2d 304 (1979), on which defendant relies. In *Gee*, there was a 12 to 20 hour, overnight, time period between the assault and the disclosure, and the Court found that there was no plausible reason for the delay. *Id.* at 283. In this case, the time period between the assault and the disclosure was much shorter and there was evidence that the delay was caused, in part, by the complainant remaining in defendant's presence after the assault and until he dropped her off at home. Under these circumstances, we find no abuse of discretion in the trial court's decision to admit the challenged testimony under the excited utterance exception.

Defendant next argues that the trial court erred in denying his motion for a mistrial brought on the ground that a prosecution witness testified regarding a prior incident of inappropriate touching by defendant in the summer of 2012. Defendant contends that the testimony was inadmissible under MRE 404(b) and that its admission was unfairly prejudicial. A trial court's decision regarding a motion for a mistrial is reviewed for an abuse of discretion. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). An abuse of discretion occurs when a trial court's decision is outside the range of principled outcomes. *Id.* "A trial court should grant a mistrial 'only for an irregularity that is prejudicial to the rights of the defendant and impairs his ability to get a fair trial.' " *Id.*, quoting *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995).

MRE 404(b) "permits the admission of evidence on any ground that does not risk impermissible inferences of character to conduct." *People v Starr*, 457 Mich 490, 496; 577 NW2d 673 (1998). Here, the challenged testimony was not offered by the prosecutor for the purpose of proving that defendant had a propensity to engage in inappropriate touching. Rather, the testimony was elicited in response to questions by defense counsel. While defense counsel may have intended to limit his questions to the events of March 8, 2013, he did not limit his question to any specific date. Because the testimony was not offered by the prosecution for an improper purpose, it was not inadmissible under MRE 404(b). We further note that the trial court immediately struck the testimony and later instructed the jury that it should not consider stricken evidence. "It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Under these circumstances, we find no abuse of discretion in the trial court's decision to deny defendant's request for a mistrial nor may any claim of ineffective assistance of counsel be predicated upon any defense counsel action in failing to further pursue a mistrial on this basis.

Defendant next argues that the prosecutor's comments during closing arguments improperly shifted the burden of proof and improperly vouched for the complainant's credibility. This issue was not preserved for review because defendant did not object at trial to the comments he now claims were improper. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). An unpreserved claim of prosecutorial misconduct is reviewed for plain error that affected the defendant's substantial rights. *People v Abraham*, 256 Mich App 265, 274; 662 NW2d 836 (2003). Under this standard, reversal is warranted only when plain error resulted in a conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.* at 274-275. Furthermore, reversal is not warranted where a curative instruction could have alleviated any prejudicial effect of improper comments. *Bennett*, 290 Mich App at 476.

Defendant contends that the prosecutor improperly vouched for the complainant's credibility when she referred to the complainant as a "good kid," who was "meek and mild," and had no reason to lie. It is improper for a prosecutor to vouch for the credibility of a witness by implying that he or she has special knowledge regarding the witness's truthfulness. *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). It is not improper for a prosecutor to comment on his or her own witness's credibility during closing argument, especially where the case turns on which witnesses the jury believes. *Id.* Furthermore, a prosecutor is free to argue the evidence and reasonable inferences therefrom. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995).

Defendant's theory was that the complainant was lying about the incident occurring. The prosecutor's comment that the complainant was a "good kid" was a reasonable inference from the evidence that the complainant was a good student, who was involved in activities such as soccer, piano, babysitting, and working at the ice cream store. The prosecutor's comment that the complainant was "meek and mild" was merely a comment on her demeanor. The prosecutor did not indicate that she had special knowledge about the complainant's truthfulness. Defendant has not shown that the comments were improper.

Defendant next argues that the prosecutor improperly shifted the burden of proof when she stated during her rebuttal argument that defendant failed to show that the complainant had a motive to lie. Again, defendant's theory was that the complainant was lying about the incident. During her rebuttal argument, the prosecutor stated, "[w]ell, I'm still kind of waiting right now for what that motive is. Because I don't see it. . . . there is not one ounce of evidence that has been put forth that shows [the complainant] had any motive to lie, nothing to gain by lying."

It is improper for a prosecutor to "imply in closing argument that the defendant must prove something or present a reasonable explanation for damaging evidence because such an argument tends to shift the burden of proof." *People v Fyda*, 288 Mich App 446, 463-464; 793 NW2d 712 (2010). Furthermore, a prosecutor may not comment on the defendant's failure to present evidence because such a comment is an attempt to shift the burden of proof. *Id.* However, "attacking the credibility of a theory advanced by a defendant does not shift the burden of proof." *People v McGhee*, 268 Mich App 600, 635; 709 NW2d 595 (2005). When viewed in the context of defense counsel's argument that the complainant was lying about the assault, the prosecutor's comment that defendant failed to show a motive to lie did not shift the burden of proof, but was a proper comment on the credibility of the defense theory. Defendant has not

shown plain error in the prosecutor's comments during closing arguments. *Abraham*, 256 Mich App at 274-275.

Defendant further argues that defense counsel's failure to object to the prosecutor's remarks during closing arguments constituted ineffective assistance of counsel. Where the prosecutor's comments were not objectionable, however, defense counsel's failure to object did not amount to ineffective assistance of counsel. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000) ("Trial counsel is not required to advocate a meritless position.").

Affirmed.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola